No. 2614

## ISOLA *v.* SORANI

February 5, 1924.                     222 Pac. 796.

1. PAYMENT—PLEA OF PAYMENT TO A COMPLAINT ALLEGING NON-PAYMENT IN EFFECT A GENERAL DENIAL.

Where, in an action on a note, the complaint alleges nonpayment, and the answer avers payment, no reply is necessary, as the plea of payment is in effect a general denial.

2. EVIDENCE—NO UNFAVORABLE INFERENCE DRAWN FROM PROMISEE'S FAILURE TO DENY RECEIPT FOR PAYMENT NOT PUT IN EVIDENCE, BUT SUCH AN INFERENCE ATTACHES DEFENDANT'S FAILURE TO PRODUCE IT.

Where in action on a note, defendant maker testified that he had paid it and taken a receipt, but failed to put the receipt in evidence, no unfavorable inference was to be drawn from the failure of plaintiff payee to deny or to explain the receipt, but on the contrary an unfavorable inference attached to the defendant's failure to produce the receipt.

APPEAL from Eighth Judicial District Court, Lyon County; *T. C. Hart,* Judge.

Action by Giuseppe Isola against Marsilio Sorani. Judgment for plaintiff, and defendant appeals. **Affirmed.**

*Chartz & Chartz,* for Appellant:

Presumption in favor of receipt will prevail until replaced by direct proof or strong circumstances. Harden v. Gordon, 2 Mason (U. S.) 541. Burden is on party disputing receipt. 23 Am. & Eng. Ency. Law, 986. Oral evidence cannot be substituted for any writing, existence of which is disputed and which is material as to

issues or credibility, and is not merely memorandum of some other fact.   Jones, Evidence, sec. 200.

Possession of uncanceled note is prima-facie evidence of nonpayment, but can be rebutted by superior evidence.   When payment of money is made in discharge of written claim, the fact of payment is usually separate from terms of writing thus discharged, and latter's production is not necessary.   Wigmore, sec. 1245.

Receipt of all demands, if unexplained or uncontradicted, will defeat any action upon a promissory note. Cunningham v. Batchelder, 32 Me. 316.

*W. E. Baldy,* for Respondent:

Having produced note, plaintiff established prima-facie case and was entitled to benefit of presumption that note was unpaid, and it then devolved on defendant to defeat this by strong and convincing proof and preponderance of evidence.   This he did not do.   Mullally v. Dingman, 62 Neb. 702; 8 Cyc. 245.

While parol evidence of payment is admissible without production of receipt, yet where it is sought to prove that person executed and delivered receipt for certain amount, or to show by whom or in what manner receipt was signed, or to prove facts which it recites, parol evidence is then not admissible without accounting for absence of receipt.   17 Cyc. 495.

By the Court, SANDERS, J.:

This action was instituted by Giuseppe Isola in the lower court on May 16, 1922, to recover a personal judgment against Marsilio Sorani on a promissory note originally written in Italian, which, translated into English, reads as follows:

"Dayton, Nevada, January 22, 1921.

"I, the undersigned, owe to Giuseppe Isola the sum of eight hundred dollars in the United States coin with interest at 6 per cent per annum payable on the 22d day of January, 1922, in full amount.     Marsilio Sorani."

Isola alleges in his complaint that he is the lawful owner and holder of said note, that no part of the principal or interest thereon has been paid, and that on

January 25, 1922, said note was presented to Sorani for payment and payment refused.

Sorani filed an answer in four paragraphs. In the first he admits the execution and delivery of the note. In the second he denies that Isola is the lawful owner and holder of the note, and avers that he paid the note in full and obtained a receipt therefor. In the third he denies that no part of the principal or interest on said note had been paid, and avers that he paid the note in full on February 5, 1921. In the fourth he admits the demand of payment, and avers that he received a letter from Isola's attorney, dated December 30, 1921, asking the payment of said note and of another note for $400, and avers that upon receipt of said letter he called upon said attorney and exhibited to him Isola's receipt for the payment of the note sued upon. He denies owing plaintiff any sum of money whatsoever, and prays to be dismissed and allowed his costs.

Isola made no reply to the answer.

Upon the issues joined the case came on for trial on January 23, 1923, before the court without a jury, and after hearing the evidence the court made a general finding that the allegations of the complaint were true, and followed this with specific findings confirming each of the averments of the complaint, and concluded as a matter of law that the plaintiff was entitled to recover judgment. Thereupon the court rendered judgment in favor of Isola and against Sorani for the sum of $800, with interest, and for costs and disbursements incurred in the action, amounting to the sum of $55.40.

Sorani moved for a new trial, upon the grounds of the insufficiency of the evidence to justify the judgment, and that the judgment is against the evidence and the law. The court ordered the motion overruled, and Sorani gave notice of appeal from said judgment and order.

1. Counsel for Sorani urge but one point upon which they claim reversal, which is that Sorani, having denied as a witness in his own behalf that Isola was the lawful owner and holder of the note, and having testified that

he paid the note and obtained a receipt therefor, the law balanced the evidence upon the issue of payment in Sorani's favor, and therefore the court erred in its findings. We do not so interpret the pleading or the evidence. A complete issue was made by the averment in the complaint of the nonpayment of the note and the allegation of payment in the answer. Where (as here) the complaint alleges nonpayment, and the answer avers payment, no reply is necessary, as the plea of payment is in effect a general denial. 30 Cyc. 1258. That counsel so regarded the pleadings is inferable from the fact that they make no mention of Isola's failure to reply to the allegation of payment as being new matter.

2. Sorani testified that he paid the note, and that he took a receipt for the money because Isola claimed he had lost the note. If Sorani had put the receipt in evidence, there is no doubt the trial court would have given the receipt, if unexplained on the part of Isola, its prima-facie effect, and balanced the evidence in Sorani's favor. As was said by this court in the case of Devencenzi v. Cassinelli, 28 Nev. 232, 273, 81 Pac. 41, 449, if the testimony of the plaintiff and the defendant was of equal weight with the jury, then undoubtedly the receipt should have controlled. In the case before us the receipt was not put in evidence, hence no unfavorable inference is to be drawn from the failure of Isola to deny or to explain it. On the contrary, an unfavorable inference attaches to the failure of Sorani to produce the receipt, the burden being upon him to prove payment by a preponderance of the evidence.

The judgment and the order denying a new trial are affirmed.

### ON PETITION FOR REHEARING

April 10, 1924.

*Per Curiam:*

Rehearing denied.